IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYDELL SWINSON, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| KERESTES, et al., | : | NO.  14-7027 |
|     Respondents. | : | |

**<u>MEMORANDUM</u>**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                                February    19,  2015

Before the Court for Report and Recommendation is the *pro se*[1] petition of Lydell Swinson, a/k/a Lindell Swinson ("Swinson" or "Petitioner") for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Swinson is currently incarcerated at SCI – Mahanoy, where he is serving two life sentences.  By his petition, Swinson challenges the conviction obtained against him in 2006 in the Philadelphia Court of Common Pleas in Case Number CP-51-CR-0502901-2005 following a guilty plea to charges of first-degree murder in the shooting death of his girlfriend.  He seeks habeas relief on the ground that his guilty plea not was voluntary because medications he was taking at the time impaired his ability to think and communicate.  He also suggests that relief is warranted because he was allegedly not given an adequate competency hearing and because his attorney failed to look into his history of psychosis.  As we set out below, we believe that Swinson is seeking relief concerning a conviction that was the subject of a prior petition to this Court without having first obtained the requisite pre-authorization from the Court of Appeals.  In that he has recently been appointed

---

[1]  The Federal Defender's Office was appointed on December 16, 2014 to represent Swinson in this matter.  As of this writing, the attorney who entered her appearance on December 19, 2014 has made no amendments to Swinson's pleading.

counsel who might not be aware of the posture of this case, we are filing this Memorandum in support of our order to Petitioner to show cause why this matter should not be dismissed as a second or successive petition.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2004, less than three months after he was involved in the fatal shooting of a cab driver in Philadelphia over a fare dispute, Petitioner fatally shot his girlfriend, Laquita Robinson.  Upon his arrest on August 22, 2004, he was prosecuted in the Philadelphia Court of Common Pleas for both the murder of the cab driver, Maninovsky Lubin, at Case Number CP-51-CR-0502871-2005, and the killing of Ms. Robinson at Number CP-51-CR-0502901-2005. The Commonwealth sought a death sentence for the killing of Ms. Robinson.[2]  He was appointed the same counsel for both cases, and both were assigned to the Honorable M. Teresa Sarmina. *See generally Commonwealth v. Swinson*, No. 859 EDA 2013, slip opin. at 1-2 (Pa. Super. Ct. Mar. 19, 2014), *appended to* Civ. A. No. 14-5859, Doc. 1 at ECF pp. 18-19.

The trial on the Lubin murder, in which Petitioner had a co-defendant, proceeded first. The jury returned a verdict of guilt on February 27, 2006 on charges of first-degree murder, robbery, conspiracy, and PIC.  That murder conviction, as well as other potential aggravating factors, put Petitioner at risk of a death sentence if he were convicted of first-degree murder in the Robinson death.  Upon the jury's verdict, but before the court proceeded to sentencing, Swinson agreed to enter guilty pleas to both murders and give up his appeal rights in exchange for two consecutive life sentences that would spare him from a possible death sentence.  The

---

[2]   There are contradictory indications in the state court materials available for review as to whether Swinson was at risk of the death penalty in the case involving Mr. Lubin's death.  Many of the subsequent state court opinions in Swinson's cases indicate that this was a capital prosecution.  The state court docket sheets, however, refer to several days of trial taking place with a "non-capital jury."

2

court accepted both guilty pleas and convicted him of the two murders and related offenses on February 27, 2006. Once the victims' families could be present, sentencing proceedings were held on March 1, 2006 and the negotiated sentences formally imposed. Petitioner did not file any direct appeal of either judgment of conviction. *See id.*

Swinson then sought relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA"). His petition dated June 16, 2006 sought to have his appellate rights reinstated as to the conviction on the murder of Ms. Robinson, CP-51-CR-0502901-2005, on the grounds that his guilty plea was unlawfully induced and that he received ineffective assistance of counsel. *See* Civ. A. No. 07-3934, Doc. 26 at 18 & Ex. C (PCRA petition). While the PCRA Court appointed counsel, his attorney found no merit in any claims available to Petitioner and filed a letter seeking to withdraw pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988). The PCRA Court agreed and dismissed the petition on July 27, 2007. Swinson did not file an appeal from that dismissal. *See* Common Pleas Docket, *Commonwealth v. Swinson*, CP-51-CR-0502901-2005, *available through* https://ujsportal.pacourts.us.

On or about August 16, 2006, while the first petition was still pending, Swinson filed another PCRA petition, challenging his convictions of murder, robbery, and conspiracy in the Lubin case.[3] *See* Civ. A. No. 07-3934, Doc. 26 at Ex. F. New counsel was appointed who also filed a *Finley* letter. The PCRA Court dismissed the petition. Swinson appealed this dismissal to

---

[3] Because he answered a question on the PCRA form petition with reference to the sentences he was currently serving with the case numbers for both the Lubin and Robinson murders, many documents arising from this petition subsequently included references to CP-51-CR-0502901-2005, the Robinson case, as well as -2871, the Lubin case. In that Petitioner already had a PCRA petition pending that challenged the Robinson conviction, the documents as to the second PCRA petition should have referenced only CP-51-CR-0502871, the Lubin case.

the Superior Court, but the court dismissed the appeal on October 30, 2007 when he failed to comply with certain filing requirements. *See* Civ. A. No. 07-3934, Doc. 26 at Exs. G-K; Appellate Dkt. Sheet, Pa. Super. Ct. No. 2227 EDA 2007 (noting dismissal pursuant to Pa. R.A.P. 3517, which requires an appellant to complete and return a docketing statement form or face dismissal of the appeal).

While that appeal of the dismissal of his second PCRA petition was still pending in the Superior Court, Swinson filed a *pro se* habeas petition on September 20, 2007 in this Court, using the name *Lindell* Swinson. The case was docketed as Civil Action No. 07-2934 and assigned to the Honorable John R. Padova. The Court required Stinson to re-submit his petition on the Court's standard form, and when he did so he clarified that his petition related to CP-51-CR-0502901-2005, the murder of Ms. Robinson,[4] and identified his claims as ineffective assistance of counsel and due process, asserting that his plea was unlawful because he was allegedly not given a hearing regarding competency and the judge was biased. *See* Civ. A. No. 07-3934, Doc. 3, Pet. at 4. The Philadelphia District Attorney's Office filed a response to the petition, arguing that his claims were procedurally defaulted because they were never properly presented and litigated in the Pennsylvania Superior Court, *id.* at 4, and that Swinson could not obtain habeas relief because he waived any right to collateral review as part of his plea agreements in the two cases, *id.* at 10.[5] The Honorable L. Felipe Restrepo, then U.S. Magistrate

---

[4] In a later submission in which he complained of an extension request of the Respondents, however, he referred to the issues in his petition concerning his having been "induced to make simultaneous guilty pleas upon the advise and instruction of his trial counsel," and that "[i]t is also evident that the Petitioner is seeking review of both guilty pleas …." *See* Civ. A. No. 07-3934, Doc. 25, at 2.

[5] Respondents also drew attention to the submission from Swinson in which he indicated that his petition sought review of both convictions. *See* Civ. A. No. 07-3934, Doc. 26 at 17; *id.*, Doc. 25 at 2. They contended that it was not proper for him to challenge the two distinct convictions in

4

Judge, prepared a Report and Recommendation that the petition be denied and dismissed. *See* Civ. A. No. 07-3934, Doc. 30. Judge Padova approved and adopted Judge Restrepo's Report and Recommendation and denied the petition on October 31, 2008. *See* Civ. A. No. 07-3934, Doc. 32. Petitioner filed a motion for relief pursuant to Fed. R. Civ. Proc. 60 on or about January 8, 2009, *see* Civ. A. No. 07-3934, Doc. 34, which the court denied on March 12, 2009, *see* Civ. A. No. 07-3934, Doc. 41.

The genesis of the present litigation before the Court is a § 2254 form petition Swinson filed *pro se* in this Court using the name *Lydell* Swinson.[6] The petition, dated October 7, 2014, identified the convictions he sought to challenge as both the Lubin and Robinson murders. *See* Civil A. No. 14-5889, Doc. 1, Pet. at 4, 19. The petition was docketed as Civil Action Number 14-5859 and assigned to the Honorable Timothy J. Savage, who directed Petitioner to file two separate petitions for his challenge to the two distinct criminal cases. *See* Civ. A. No. 14-5859, Doc. 2. Swinson did so on December 4, 2014. His petition regarding Case No. CP-51-CR-0502871-2005, the murder of Mr. Lubin, was given docket number 14-7028. His petition regarding Case No. CP-51-CR-0502901-2005, the murder of Ms. Robinson, was given docket number 14-7027, and the prior action, No. 14-5859 was dismissed. In neither petition, nor in his petition in 14-5859, did Swinson indicate that he had filed a prior petition in federal court challenging the conviction at issue. *See* Civ. A. No. 14-5889, Doc. 1, Pet. at 16, ¶ 14 (responding to question regarding whether he had filed any prior petition in federal court regarding this conviction by checking "No" box but adding note "don't recall"); Civ. A. No. 14-

---

the same habeas petition but that the bases for dismissal of a challenge to the convictions in the Robinson case were equally applicable to the Lubin case. *See* Civ. A. No. 07-3934, Doc. 26 at 17-18.

[6] It is presumably for this reason that the petition was not recognized by the Clerk of Court as related to Civil Action No. 07-3934.

7027, Doc. 1, Pet. at 16, ¶ 14 (checked "No"); Civ. A. No. 14-7028, Doc. 1, Pet. at 16, ¶ 14 (did not check either box and where the form provided room for an explanation, wrote "not applicable").

In light of Petitioner's request for the appointment of counsel in No. 14-5859, on December 16, 2014, the Court appointed the Office of the Federal Defender to represent Swinson in both 14-7028 and 14-7027. Counsel entered her appearance in both matters on December 19, 2014. On January 23, 2015, the Court referred both matters to the undersigned for preparation of a Report and Recommendation.

We promptly commenced review of the two petitions, as well as the earlier petition filed in October 2014, Civil Action Number 14-5859, to which Swinson directs the Court's attention for various exhibits. *See, e.g.,* Civ. A. No. 14-7027, Doc. 1, Pet. at 10. It was in the various attachments to the 14-5859 petition that we discovered an order in Civ. A. No. 07-3934, captioned *Lindell Swinson v. Commonwealth of Pennsylvania*. Review of the docket and the various filings in that case alerted us to Petitioner's prior efforts to obtain federal relief from his state court conviction. As we set forth below, we believe that this prior litigation prevents the Court from reviewing the conviction of the Robinson murder at CP-51-CR-0502901-2005 at the present time.

**II.   DISCUSSION**

Since the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the federal habeas statute has provided for the "finality of determination[s]" in the following manner:

> (a) [Limitation of review of federal court criminal judgments except by 28 U.S.C. § 2255]

6

(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 *that was presented* in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 *that was not presented* in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) (A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

[(B) – (E): describing the procedures and standards of the court of appeals upon a motion for an order authorizing consideration of a second or successive petition].

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

(c) [Limitation of review of § 2254 petitions of state prisoners who have already received U.S. Supreme Court review on writ of certiorari or judgment; the earlier judgment "shall be conclusive" except in limited circumstances.]

(d) [Limitation to petitions filed within one year of certain events.]

28 U.S.C. § 2244 (emphasis added).  The Supreme Court has distilled these provisions as to state prisoners presenting a second or successive petition as follows:

> The relevant provisions of the AEDPA-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1).  Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.  § 2244(b)(2).  Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.  § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (emphasis in original).

As described above, our review of the record of the prior habeas proceeding confirms that the 2007 petition concerned the same conviction and sentence --- for the murder of Ms. Robinson --- that Petitioner seeks to challenge by his current petition docketed at 14-7027.  That 2007 petition was "denied" by the district court.  *See* Order of Oct. 30, 2008, Civ. A. No. 07-3934, Doc. 32, ¶ 2.  *See also* Rep. & Recomm., Civ. A. No. 07-3934, Doc. 30 at 17 (finding petition should be "denied and dismissed" because Swinson's waiver of his collateral review rights was valid); *id.* at 18-19 (finding claims "are also procedurally defaulted" and that the "petition should be denied and dismissed" because, as to the Robinson murder, he did not seek Superior Court review of dismissal of PCRA petition).  Therefore, pursuant to § 2244(b)(3), Swinson was required to move in the Court of Appeals for authorization to file this second petition in the district court.  He has not done so.  Pursuant to § 2244, this Court presently has no jurisdiction to grant any relief requested in the petition.

Our Court of Appeals recognizes that "[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district

court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."[7] *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). We would not be inclined to recommend a transfer to the Court of Appeals if there did not appear to be some basis for the petition to satisfy § 2244(b)(2) and receive the Third Circuit's authorization to proceed. On the current *pro se* papers, Swinson does not make out such a case. However, as counsel has already been appointed, we will allow counsel to be heard on this question before making our recommendation.

## III. CONCLUSION

There is no question that, at least as to Civ. A. No. 14-2907, Swinson is seeking to vacate a conviction that has already been before the federal courts. This second request for consideration of the legality of this state conviction requires the approval of the Court of Appeals before this Court would have jurisdiction to grant any relief.

In that counsel has already been appointed, before we make a recommendation as to the disposition of this petition, we will permit counsel to be heard on the question of whether there is any basis for the petition to be transferred to the Court of Appeals for consideration as a second or successive petition permitted by 28 U.S.C. § 2244(b)(1)-(3).

---

[7] This statute provides:

> Whenever a civil action is filed in a court [… or an appeal is noticed …] and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

A separate order follows.